# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MARQUEZ,<br><br>            Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No.  1:12-cv-778-GSA<br><br>ORDER GRANTING ATTORNEY'S FEES<br><br> (Doc. 24) |

## I.      INTRODUCTION

Plaintiff's counsel, Young Cho, Esq., filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). [1] (Doc. 24.)   Christine Marquez ("Plaintiff") and the Commissioner of Social Security ("Defendant") were served with the motion.  (Doc. 24, pg. 10). The motion advised Plaintiff that any objections must be filed with the Court within fourteen days. (Doc. 21, pg. 2). In keeping with the role resembling that of a trustee for Plaintiff, the Commissioner filed a response to Mr. Cho's motion and has indicated it does not have an opposition to the motion.

---

[1] The parties have consented to Magistrate Judge jurisdiction.  (*See*, Docs. 9 and 10).

(Docs. 25). *See generally, Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Plaintiff did not file any objections. For the reasons set forth below, the Motion for Attorney's Fees is GRANTED.

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for Disability Benefits and Supplemental Security Income payments under the Social Security Act. (Doc. 1.) This Court issued an order in favor of the Plaintiff and against the Social Security Administration . (Doc. 19). Subsequently, Plaintiff's counsel was awarded attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,000.00. (Doc. 23). In the Motion for Attorney's Fees, Plaintiff's counsel now seeks an award of attorney fees in the amount of $17,000.00 pursuant to 42 U.S.C. § 406(b). (Doc. 24, pg. 3). In support of the motion, Plaintiff's counsel indicates that Plaintiff was awarded $71,980.00 in retroactive disability benefits. *Id*. Counsel is seeking approximately 24 % of the retroactive benefits awarded for attorney's fees.

## III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 789, 802. However, the Commissioner has standing to challenge the award, despite the fact that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec 'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d *at 1148* (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified

several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing Gisbrecht, 535 U.S. at 807–08).

Here, Plaintiff and counsel have entered into a fee agreement that provides for attorney's fees in the amount of 25% of the past-due benefits. (Doc. 24-1, pg.1). The Court has considered counsel's representation of Plaintiff and the results achieved by counsel. Plaintiff's counsel indicates he expended a total of 24.6 hours litigating Plaintiff's case and he is seeking approximately 24% of the total amount of past-due benefits. (See Doc. 24, pg. 3). There is no indication that a reduction of the award is warranted due to any substandard performance by counsel in this matter. Counsel is an experienced attorney who secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in excessive delay. Thus, the $17,000.00 is not excessive in relation to the past-due award. *See generally, Whiteside v. The Comm'n of Soc. Sec.,* No. 1:13-cv-1337-BAM, 2015 WL 36545054 (E.D. Cal., June 11, 2015) (granting $6,000.00 in attorney's fees pursuant to Section 406(b)); *Deardon v. The Comm'n of Soc. Sec.,* No. 1:12-cv-120-BAM, 2014 WL 6612036, at *2 (E.D. Cal., Nov. 20, 2014) (granting attorney's fees pursuant to Section 406(b) in the amount of $16,474.00)*; Taylor v. Astrue*, No. 1:06–cv–00957–SMS, 2011 WL 836740, at *2 (E.D. Cal., Mar.4, 2011) (granting attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09–cv–00490–LJO–DLB, 2011 WL 587096, at *2 (E.D. Cal., Feb.9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of

$34,500.00).  In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal.2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a windfall.").

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796.  Here, the Court previously ordered Plaintiff's counsel was entitled to EAJA fees in the amount of $4,000.00. (Doc. 23).  Therefore, $4,000.00 shall be refunded back to the Plaintiff.

### IV.    CONCLUSION AND ORDER

For the reasons stated above, the fees sought by Mr. Cho pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. The Motion for Attorney's Fees pursuant to Section 406(b) in the amount of $17,000.00 is GRANTED;
2. Plaintiff's counsel is ordered to refund $4,000.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously paid pursuant to 28 U.S.C. § 2412(d); and
3. The Clerk of the Court is directed to serve this order on Plaintiff, Christine Marquez, at 826 Magnolia Street, Oakdale, California  95361.

IT IS SO ORDERED.

Dated:   **July 8, 2015**                              **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE